## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID A. STEVENS,
      Appellant,

    v.

OFFICE OF PERSONNEL
   MANAGEMENT,
      Agency.

DOCKET NUMBER
AT-0842-21-0545-I-1

DATE: April 4, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David A. Stevens</u>, Munford, Tennessee, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that the appellant's nonappropriated fund service was not creditable towards his Federal Employees' Retirement System (FERS) annuity. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we DENY the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

On January 5, 1987, the appellant started a Nonappropriated Fund Instrumentality (NAFI) position with the Department of the Navy (Navy) and enrolled in the Navy's NAFI retirement program.[2]  Initial Appeal File (IAF), Tab 1 at 4, Tab 18 at 73.  On or about September 29, 1993, the appellant's NAFI position was converted into a General Schedule (GS) position and the appellant was automatically enrolled in FERS.  IAF, Tab 1 at 4, Tab 18 at 73.  Thereafter, on or about August 15, 1994, the appellant accepted a NAFI position and reenrolled in the Navy's NAFI retirement program.  IAF, Tab 1 at 4, Tab 18 at 73.  Later, on or about March 1, 1998, the appellant's NAFI position was converted to a GS position, and he was reenrolled in FERS.  IAF, Tab 1 at 4, Tab 18 at 73.

On March 6, 1998, the appellant executed form NAF-CS-1 entitled "ELECTION TO RETAIN NAFI RETIRMENT COVERAGE AS A RESULT OF MOVE FROM A NONAPPROPRIATED FUND POSITION TO A CIVIL SERVICE POSITION AFTER AUGUST 9, 1996."  IAF, Tab 18 at 31 (punctuation as in the original).  The form provided the appellant with the irrevocable option to either (1) retain NAFI retirement coverage regardless of future moves between NAFI and civil service positions or (2) enter the FERS retirement plan "without receiving any service credit in FERS . . . for time spent under the NAFI plan." *Id.*  The appellant elected option 2. *Id.*  He subsequently

---

[2] A nonappropriated fund instrumentality is generally one to which the Government has provided funds to initiate operations and the Government loan is repaid out of profits earned by the activity.  Thus, the activity is created by the Government, with Government funds, for Government personnel.  Military exchanges and similar entities are the major types of NAFIs. *Suarez v. Office of Personnel Management*, 58 M.S.P.R. 639, 641 n.1 (1993).

applied for a refund of his NAFI retirement contributions and received a lump sum check by letter dated April 2, 1998. *Id.* at 28, 30.

Effective March 31, 2019, the appellant retired and applied for an immediate FERS retirement annuity. *Id.* at 4, 99-108. As part of his application, the Navy completed a form entitled Certified Summary of Federal Service showing the appellant's service history, which included a written note that the appellant's NAFI service was not creditable for his FERS retirement annuity because the appellant elected option 2 on his signed NAF-CS-1 form. *Id.* at 104. On May 18, 2019, the appellant sent a letter to OPM requesting to make a one-time election to combine his NAFI service and FERS service towards a single retirement benefit under section 1043 of the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 186, 434-39 (codified at 5 U.S.C. § 8347) (PL 104-106) and OPM Benefits Administration Letter (BAL) 96-108, which provided guidance on PL 104-106. IAF, Tab 5 at 36. On December 16, 2019, OPM issued an initial decision denying the appellant's request to combine his NAFI service and FERS service because he had not signed an election form to do so before August 11, 1997, the deadline under PL 104-106. *Id.* at 43-44.

The appellant requested reconsideration of that decision and, on April 17, 2020, OPM subsequently issued another initial decision. *Id.* at 47, 61-62. OPM informed the appellant that, under 5 C.F.R. part 847, subpart E, "[w]hen an employee elects to retroactively return to . . . FERS coverage, or to have NAFI service credited towards FERS, employee contributions and government contributions made to the NAFI retirement plan transfer to the Civil Service Retirement and Disability Fund." *Id.* at 61. OPM noted that it had not received any transfers of contributions from the appellant's NAFI retirement plan that it could use to apply to his annuity to make the NAFI service creditable, and it denied his request to credit his NAFI service for that reason and his failure to sign the election form by the required date. *Id.* at 61-62. The appellant again

requested reconsideration and, on December 18, 2020, OPM sent him a letter informing him that, under 5 C.F.R. § 847.304, a part of the regulations implementing PL 104-106, a NAFI agency may waive the August 11, 1997 deadline to elect NAFI service to be credited under FERS. *Id.* at 65-66, 77. OPM instructed the appellant to contact his NAFI agency to inquire about whether they would approve a waiver. *Id.* at 77. The appellant contacted the agency per OPM's instructions, but his former employer ultimately informed him by email that it determined through discussions with OPM that it was not responsible for providing a waiver and it advised the appellant that his case had been submitted to OPM's reconsideration branch. *Id.* at 79, 83.

On July 14, 2021, OPM issued a final decision affirming the initial decision, finding that the appellant's NAFI service was not creditable towards his retirement under FERS. *Id.* at 88. The final decision explained that the appellant's NAFI service from January 5, 1987, until September 28, 1993, and from August 15, 1994, until February 28, 1998, did not meet the requirements set out at 5 C.F.R. § 847.202(d) and 5 C.F.R. § 831.305. *Id.* at 88-89. It also explained that the appellant was not eligible to combine his FERS and NAFI service towards one retirement benefit under PL 104-106 because OPM's BAL 96-108, its guidance on implementing PL 104-106, targeted employees who were in FERS-covered positions at that time and the appellant was then a NAFI employee, and because the appellant's conversion to a FERS position in 1998 was not a qualifying move under the regulations. *Id.* at 89. The final decision also noted that the appellant was ineligible because, in 1998, he elected not to remain in the NAFI retirement program, and because he subsequently received a refund of his NAFI retirement contributions. *Id.*

The appellant filed a timely Board appeal, contending that OPM's final decision was incorrect for several reasons, including that the appellant's first conversion to a FERS position on September 29, 1993, was a qualifying move and that current NAFI employees at that time were also potentially eligible to

combine their service under BAL 96-108. IAF, Tab 1 at 6. In an initial decision dated January 28, 2022, the administrative judge affirmed OPM's final decision based on the written record because the appellant withdrew his request for a hearing. IAF, Tab 23, Initial Decision (ID) at 1. The administrative judge found that, under 5 C.F.R. § 847.202(f), in order for the appellant's NAFI service to qualify for FERS service credit, his move from a NAFI position to a FERS position had to have occurred between January 1, 1987, and August 9, 1996. ID at 4. The administrative judge concluded that, because it was undisputed that appellant's move between these positions did not occur until March 1, 1998, OPM correctly determined that the appellant's move was not a qualifying move. *Id.* The administrative judge also concluded that, because the appellant failed to establish entitlement to FERS service credit based on his NAFI service, it was unnecessary to address the fact that the appellant requested and received a refund of his NAFI retirement contributions. ID at 5.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge incorrectly decided several important facts, failed to apply PL 104-106 correctly, and that the initial decision was wrong because OPM failed to submit required documents by the established deadline and thus those documents should be inadmissible. *Id.* at 4-5. OPM has filed a response. PFR File, Tab 4.

## ANALYSIS

Although not raised by either party on appeal or on review, we find that we must vacate the initial decision because the Board presently lacks jurisdiction over this matter. *See Waldrop v. U.S. Postal Service*, 72 M.S.P.R. 12, 15 (1996) (stating that "[a]s a limited-jurisdiction tribunal, the Board must satisfy itself that it has authority to adjudicate the matter before it and may raise the matter of its own jurisdiction sua sponte at any time); *see also Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 10 (2009).

Section 1043 of PL 104-106 created an opportunity for certain FERS and NAFI employees who had a qualifying move after December 31, 1965, and before August 10, 1996, to retroactively elect to combine their FERS and NAFI service towards a single retirement benefit. IAF, Tab 5 at 34; *see* 5 C.F.R. part 847, subpart D (elections of coverage under the retroactive provisions). Individuals were required to make such a retroactive election by August 11, 1997. 5 C.F.R. § 847.304(a). Under OPM's regulations implementing PL 104-106, each agency was responsible for notifying its employees of the opportunity to make the election and for counseling employees with respect to the election. 5 C.F.R. § 847.105(a). The regulations also assigned each agency the responsibility of determining whether an employee qualifies to make an election under subparts B (elections to continue retirement coverage after a qualifying move) and D. 5 C.F.R. § 847.105; *see Regdon v. Department of the Army*, 117 M.S.P.R. 348, ¶ 6 (2012).[3]

Additionally, the regulations also give individuals the right to request the Board to review a final agency determination of their eligibility to make an election. 5 C.F.R. § 847.107(a). An appeal to the Board is the exclusive remedy for review of agency decisions concerning eligibility to make the retroactive election under 5 C.F.R. part 847, subparts B and D. 5 C.F.R. § 847.107(b); *see Markanich v. Office of Personnel Management*, 104 M.S.P.R. 323, ¶ 11 (2006). Further, when an agency determines that an employee is not eligible to make an election under 5 C.F.R. part 847, subparts B or D, it must issue a final decision to the employee in writing that sets forth the agency's findings and conclusions and contains notice of the right to request review by the Board. 5 C.F.R. § 847.106; *Markanich*, 104 M.S.P.R. 323, ¶ 11.

In this case, the appellant should have raised the issue of whether he is eligible to retroactively elect to have his prior NAFI service treated as creditable

---

[3] The time limits for making an election under subparts B and D may be waived under certain circumstances, including a lack of notice or counseling. 5 C.F.R. §§ 847.206(b), 847.302, 847.304(b).

service for purposes of his FERS annuity with his former employer instead of OPM. Under the regulations set forth above, the appellant's former employing agency, the Navy, must issue a final written decision before he can request review by the Board. *See* 5 C.F.R. §§ 847.106, .107(a); *Markanich*, 104 M.S.P.R. 323, ¶¶ 6, 12 (holding that the administrative judge correctly concluded that the Board lacked jurisdiction to adjudicate whether the appellant was entitled to make a retroactive election under section 1043(c) of PL 104-106 because the appellant's former employer had not issued a final written decision on the matter); *see also Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

Here, the Navy has not issued a final written decision on whether the appellant is eligible to make a retroactive election. Although the agency completed the appellant's Certified Summary of Federal Service form with a note that his NAFI service was not creditable as a part of his application for a FERS retirement annuity, that form does not constitute a final written decision under the regulation noted above. IAF, Tab 18 at 104; *see* 5 C.F.R. § 847.106(b). Further, the agency's brief email to the appellant stating that it "was not responsible for providing a waiver with regard to [his] PL 104-106 request" does not constitute a final written decision either, as it does not detail any agency findings or conclusions as to the appellant's eligibility to combine his FERS and NAFI service toward one retirement benefit.[4] IAF, Tab 5 at 83; *see* 5 C.F.R.

---

[4] Although the record contains separate email exchanges between the agency and OPM representatives about the waiver request wherein the agency's representative analyzes the appellant's eligibility to combine his FERS and NAFI service toward one retirement benefit, those findings and conclusions were not set forth in a communication to the appellant. IAF, Tab 18 at 32-36. Further, those communications do not analyze the appellant's repeated argument that BAL 96-108 stated that certain current NAFI employees, not just FERS employees, could also elect to combine their FERS and NAFI service toward one retirement benefit or his argument that his first conversion to a FERS position on September 29, 1993 was a qualifying move — and whether he should have been given an election opportunity then, and the implications if he was not. IAF, Tab 1 at 6, Tab 5 at 33-36.

§ 847.106(b); *cf. Regdon*, 117 M.S.P.R. 348, ¶ 6 (finding that an email constituted a final agency decision under 5 C.F.R. part 847 when the agency clearly denied the appellant the opportunity to elect to transfer his FERS retirement contributions to his NAFI retirement plan and gave him one choice to combine retirement plans that he had to elect immediately). Accordingly, when the agency issues a final written decision setting forth its findings and conclusions containing a notice of his appeal rights, then the appellant may appeal that decision to the Board. *See* 5 C.F.R. § 847.107(a); *Markanich*, 104 M.S.P.R. 323, ¶ 12.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] An agency final decision on the appellant's eligibility to combine his service under PL 104-106 seems especially prudent in this case as the appellant has thus far failed to receive a clear and consistent answer on his eligibility that addresses all his arguments and concerns, the most pertinent of which are mentioned above.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.